IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HENRY JACOB PARKER,                                    CV 06-732-MA

                    Petitioner,                        OPINION AND ORDER

        v.

BRIAN BELLEQUE,


                    Respondent.

          ANTHONY D. BORNSTEIN
          Assistant Federal Public Defender
          101 SW Main Street, Suite 1700
          Portland, OR  97204

              Attorney for Petitioner

          HARDY MEYERS
          Attorney General
          LESTER R. HUNTSINGER
          Senior Assistant Attorney General
          Department of Justice
          1162 Court Street NE
          Salem, OR  97301-6313

              Attorneys for Respondent

MARSH, Judge:

        Petitioner, an inmate in the custody of the Oregon

Department of Corrections (ODC), brings this habeas corpus

proceeding pursuant to 28 U.S.C. § 2254.  For the reasons set

forth below, Petitioner's Amended Petition for Writ of Habeas

Corpus (#36) is DENIED and this case is DISMISSED.


1- OPINION AND ORDER

## BACKGROUND

In January 1978 Petitioner was convicted in Linn County of Burglary in the First Degree and sentenced to three years imprisonment.  He was released in November 1979, and immediately resumed his criminal conduct such that by June 1980 he was convicted in Lane County on a multiple-count indictment of First Degree Robbery, Rape and Sodomy.  For these convictions the court imposed indeterminate sentences totaling 40 years.  Resp. Ex. 101.  Petitioner began service on these sentences July 3, 1980. According to ODC computations Petitioner's's statutory good time release date for the Rape sentence was March 15, 1992. Petitioner's Sodomy sentence began to run on this date, resulting in a statutory good time release date of July 15, 2005.

Petitioner was paroled on March 2, 1998.  However, Petitioner violated the conditions of his parole, causing the Board of Parole and Post Prison Supervision (the Parole Board) to revoke his parole on August 10, 2004.  After serving a 118-day sanction, Petitioner was re-released on parole on November 3, 2004.  On January 21, 2005, his parole was revoked again.  At an April 20, 2005 hearing, upon finding that Petitioner could not be adequately controlled in the community, the Parole Board denied re-release for 24 months, setting a new release date of December 15, 2006.  According to Respondent, Petitioner was released as scheduled on December 15, 2006, and he is no longer in custody.

2- OPINION AND ORDER

In July 2005, Petitioner filed a Petition for Writ of Habeas
Corpus in Marion County.  Resp. Exs. 103.  From the limited
information available on the Marion County Circuit Court docket
report it appears several of Petitioner's *pro se* motions were not
ruled upon, including his February 2006 Motion for Order to
Dismiss the Petition for Writ of Habeas Corpus Without Prejudice.
*Id*.  The Court did not issue an order denying the Petition until
January 3, 2007, almost a year after Petitioner filed his motion
to dismiss.  Resp. Ex. 106.  This delay may have been
attributable to a fire in the Marion County Courthouse in
November 2005, after a man drove his truck through the front
entrance.  In any event, Petitioner did not appeal to the Oregon
Court of Appeals.  Instead, on March 22, 2006 he filed an
original Petition for Writ of Habeas Corpus with the Oregon
Supreme Court, which denied review on April 25, 2006.  Resp. Ex.
108.

On May 18, 2006 Petitioner filed his Petition for Writ of
Habeas Corpus (#1) in this Court, in which he raised two grounds
for relief.  Following appointment of counsel, on July 30, 2007
Petitioner filed a Memorandum in Support of his Petition (#30).
On August 7, 2007 Respondent entered a Response (#31), opposing
the petition on the basis that the claims were unexhausted and
procedurally defaulted, and in the alternative, relief should be
denied because Petitioner failed to traverse one claim, and the

3- OPINION AND ORDER

other lacked merit.  On October 9, 2007 Petitioner filed a Reply (#34), asserting that he had properly exhausted his claims. Nevertheless, on October 23, 2007 Petitioner filed an Amended Petition for Writ of Habeas Corpus (#36) in which he raised the following two grounds for relief:

> Ground 1:  Petitioner was deprived of his Fourteenth Amendment right to Due Process and his right to avoid *Ex Post Facto* application of law when the Board and Department of Corrections deprived petitioner of his good time credit in violation of Oregon statutes and administrative rules in effect at the time of his conviction that created a liberty interest in good time credit because the Board applied legal standards and criteria adopted in or after 1983.

> Ground 2:  Petitioner was deprived of his Fourteenth Amendment right to Due Process when the Board and the Department of Corrections deprived petitioner of his good time credit in violation of Oregon statutes and administrative rules which created a liberty interest in good time credit.

Respondent filed a Sur-Reply (#40) on December 21, 2007, asserting that both grounds are unexhausted and procedurally defaulted, and in any event they lack merit.

## DISCUSSION

Federal courts are under an independent obligation to examine their own jurisdiction.  *Allen v. Wright*, 468 U.S. 737, 750 (1984).  Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable

4- OPINION AND ORDER

to the defendant and likely to be redressed by a favorable judicial decision. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)(*citing Allen*, 468 U.S. at 750-51).

This court has jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." *See* 28 U.S.C. § 2254(a).  Even if a petitioner is no longer imprisoned at the time the court reviews his petition he can satisfy the "in custody" requirement if he was imprisoned at the time he filed his petition and he can show "some concrete and continuing injury" redressable by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). When a petitioner challenges the validity of his conviction the "case or controversy" requirement set out in Article III, Section 2 of the United States Constitution is satisfied "because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer,* 523 U.S. at 7.

If a non-custodial petitioner does not challenge the validity of his conviction, the presumption of collateral consequences is generally inconsistent with the notion that standing "must affirmatively appear in the record." *Spencer*, 523

U.S. at 10-11 (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231
(1990)).  Thus, this Court can only hear moot cases upon finding
that a Petitioner has demonstrated collateral consequences on the
record.  *Spencer*, 523 U.S. at 7, 17.

Petitioner asserts that he has standing to bring the
petition because he suffers a continuing injury by still being on
parole.  He argues he would not be on parole if the Board had
correctly computed his adjusted good time date as August 2006,
because he would have been in prison on this date based on his
adjusted good time date of December 15, 2006, and therefore his
sentence would have expired and he would have been released free
and clear of parole.

The good time date is suspended when a prisoner is paroled
because the statutory scheme under which the deduction from the
term of the sentence is computed only applies to "confined"
inmates.  *Ventris v. Maass*, 99 Or.App. 85, 781 P.2d 1224 (1989),
*rev. den.* 309 Or. 231, 785 P.2d 1057 (1990); *see also* ORS
421.120.  Therefore, a defendant's sentence only expires on his
good time date if he is in prison on this date.  *Erbs v. Board of
Parole*, 90 Or. App. 253 (1988).  When a prisoner is released on
parole at any time before his projected good time date arrives,
the Department of Corrections maintains jurisdiction over him

even after that date passes. *Ventris*, 99 Or. App. at 88.  Good
time does not "vest" until a prisoner is actually released on his
good time date. *Id*.  If a parolee violates the conditions of his
parole he stands to forfeit pre-parole good time, unless the
Board recommends otherwise. *Id.; see also* ORS 421.120(2).

In this case, Petitioner was first paroled in March 1998 at
which time his projected good time date was June 2005.  However,
he violated the conditions of his parole and parole was revoked
several times.  Although the Board had discretion under the rules
to forfeit all of Petitioner's original good time (ORS 421.120
(1979)), instead it required him to serve additional months of
imprisonment.  According to Petitioner, his correct adjusted good
time date after his last parole violation and reincarceration was
not October 19, 2009, as Respondent contends, but sometime in
August 2006.  Since Petitioner was still in prison at that time,
he contends his sentence expired on his allegedly correct
adjusted good time date, in which case he would no longer be on
parole at this time.  Yet, if Petitioner had never violated the
terms of his original parole (and thereby set in motion the basis
for his claims for relief), the Department of Corrections would
still have jurisdiction over him because in that case he would
not have been in custody on his original good time date.

7- OPINION AND ORDER

Moreover, even if I were satisfied that Petitioner presented a valid question whether the Board violated its discretion in recomputing his good time date, which I am not, this showing would not establish that Petitioner would actually have been imprisoned on this date.  The Board could have paroled Petitioner before this date.

Lastly, Petitioner essentially asks this Court to violate public policy in assuming jurisdiction over this petition, which I decline to do.  I decline to allow Petitioner to benefit from violating the terms of his parole by now assuming a better position than he would have been in had he complied with the law. At the time he was first paroled the Department of Corrections would have jurisdiction over him until 2012.  Accordingly, Petitioner has not demonstrated that he is currently under the Department of Corrections' supervision as a result of a computation error.

<u>CONCLUSION</u>

Based on the foregoing, Petitioner's amended habeas corpus petition (#36) is denied as moot.

IT IS SO ORDERED.

DATED this 25_ day of August, 2008.

8- OPINION AND ORDER

      /s/   Malcolm F. Marsh
_____
Malcolm F. Marsh
United States District Court Judge